1:19 MJ 9324

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**AFFIDAVIT**

I, Donald Kopchak, being duly sworn, hereby state as follows:

1. I am a Detective with the Cleveland Police Department, and I am currently assigned as a Task Force Officer the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since June 15th, 2018.

2. As a Task Force Office of the ATF, I am an investigative law enforcement officer of the United States of America within the meaning of Title 18 U.S.C. 2510(7). I am empowered to conduct investigations and to make arrests for federal felony offenses.

3. I have been employed by the City of Cleveland Division of police, as a police officer for 12 years. I have been a Detective for five of those twelve years. Since June 15th, 2018, your affiant has been assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), as a Task Force Officer. During that time, your Affiant has been assigned to investigate activities of drug trafficking organizations, drug-related gang and violent crime activities, and other criminal offenses. As a Cleveland Vice detective and a Task Force Officer, your Affiant has participated in narcotics/drug enforcement, and the dismantlement of mid-level to upper-level drug trafficking organizations. Your Affiant has planned and executed long-term investigative operations which have led to the disruption and dismantlement of criminal street gangs whose revenues centered primarily involving the trafficking and distribution of illicit drugs. Those investigative operations have included undercover operations and Title III intercepts of telephone communications and activities.

4. As a Cleveland police detective and a Task Force Officer, your Affiant completed basic narcotics level training through HIDTA and Midlevel Narcotics school in Dallas Texas. Your Affiant also received additional training in both drug and gang investigations at the HIDTA training facility, as well as numerous training seminars in Cleveland, and Brooklyn Heights, Ohio. Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques, which include, but are not limited to, surveillance, undercover operations, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations. Your Affiant has been involved in hundreds of controlled purchases of drug evidence and subsequent arrests of defendants charged with drug-related crimes. Your Affiant has participated as an undercover officer during investigations, and has supervised the

activities of informants who have provided information concerning controlled substances and, purchased controlled substances, and supervised consensual monitoring in connection with these investigations.  Your Affiant is aware from experience that drug traffickers often use cellular telephones to plan various aspects of their drug trafficking and to set up drug transactions.  In addition, your Affiant has utilized various forms of electronic and digital tracking technology to assist in various forms of criminal investigation.

5. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, section 2510(7), in that I am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

6. This affidavit is being submitted for the limited purpose of establishing probable cause that Rafael MOORE, has violated various federal laws under Titles 21 and 18, those being: (1) Title 21 U.S.C. § 841(a)(1) and (b)(1)(B) –Possession with intent to distribute controlled substances, namely: Cocaine (a schedule II controlled substance), Cocaine Base ("Crack") (a schedule II controlled substance), and Fentanyl (a schedule II controlled substance);  (2) Title 18, U.S.C. § 922(g)(1) – Felon in Possession of Firearms and Ammunition; and (3) Title 18 U.S.C. § 924(c) – Possession of Firearms in Furtherance of Drug Trafficking Crimes.

7. As such, this affidavit does not include every fact known to your Affiant regarding this investigation, but will seek to summarize the relevant information. The statements made in this affidavit are based in part on information provided by members of the Cleveland Police Department. Your Affiant is familiar with the facts and circumstances of the offenses described in this Affidavit based upon Affiant's obtaining information from law enforcement, and from Affiant's personal observations and conversations.  Unless otherwise noted, whenever in this Affidavit your Affiant asserts that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom Affiant has spoken or whose forms Affiant has read and reviewed. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through law enforcement databases.

## PROBABLE CAUSE

8. On December 18th, 2019, the Cleveland Police 4th district Vice Unit executed a Cuyahoga county search warrant at 10318 Dove Avenue, Cleveland Ohio. Once CPD

made entry they detained the only occupant Rafael MOORE. MOORE was advised of his Miranda rights and stated he understood. CPD asked MOORE if there was anything in the house they needed to know about and he stated he had one gun next to his bed and another gun at the foot of his bed.

9. CPD recovered a loaded Ruger LCP 380 firearm bearing serial number 373-90952 and a Springfield Armory XDS loaded firearm bearing serial number S3275109.

10. CPD also located numerous bags of a white rock-like substance suspected to be crack cocaine in the kitchen. The field weight of the crack cocaine was 100 grams. Additionally, in the kitchen, law enforcement located approximately 60 pills that appeared to be counterfeit prescription pills. These pills appeared to be "pressed" pills, which, based on my training, knowledge, and experience, are often another controlled substance, usually fentanyl or a fentanyl analogue.

11. During the search of the residence CPD located 2 kilograms of white powder suspected to be cocaine in the basement, as well as numerous scales and bags with residue. Based on my training, knowledge, and experience investigating drug trafficking, I know that the basement was set up in a way to facilitate the packaging and re-sale of narcotics, such as cocaine.

12. Cleveland police Sgt. Durichko contacted Affiant and advised me of the large amount of narcotics located and the 2 firearms. Affiant arrived on scene at 10318 Dove Avenue and advised MOORE of his Miranda rights. MOORE stated he understood his rights and agreed to talk to Affiant. MOORE stated to me that he is the sole occupant of the home and that he rents the home. MOORE stated that he understands that he is going to go to jail for a while for the drugs and gun but he will not provide any information to ATF or Cleveland police. MOORE originally stated that both guns were his, but later stated that one firearm was his girlfriends. During the interview, MOORE stated that he will "take this on the chin and sit down for a while." MOORE was referring to the amount of federal time I told him he was looking at.

13. In addition to the two firearms, the suspected crack cocaine and the suspected cocaine kilograms, law enforcement confiscated 7 cameras and a DVR from the home.

14. During my experience and training, this amount of cocaine and crack cocaine is indicative of drug trafficking.

15. I have reviewed MOORE's criminal history and learned that he is a convicted felon who is federally prohibited from possessing firearms and ammunition. Specifically,

he was convicted in 2008 of Drug Trafficking, a Felony of the 4th Degree, in Cuyahoga County Court of Common Pleas case CR-08-517412.

16. I am familiar with both Ruger and Springfield firearms, and I know that neither of those firearms are manufactured within the state of Ohio.  As such, each of those firearms did travel in interstate commerce in order for it to be recovered in Cleveland, Ohio.

17. Based on the preceding, I believe that probable cause exists to believe that Rafael MOORE has violated (1) Title 21 U.S.C. § 841(a)(1) and (b)(1)(B) –Possession with intent to distribute controlled substances, namely: Cocaine (a schedule II controlled substance), Cocaine Base ("Crack") (a schedule II controlled substance), and Fentanyl (a schedule II controlled substance);  (2) Title 18, U.S.C. § 922(g)(1) – Felon in Possession of Firearms and Ammunition; and (3) Title 18 U.S.C. § 924(c) – Possession of Firearms in Furtherance of Drug Trafficking Crimes.

_____
Donald Kopchak
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted by email, per Crim R. 41(d)(3), this  19th   day of December, 2019.

WILLIAM H. BAUGHMAN, JR.
UNITED STATES MAGISTRATE JUDGE