1            Monday, March 9, 2020

2            THE COURT:  For the record, the Court has before

3    it today Case Number 1:20CR04.  The case is United States of

4    America versus Rafael Moore.

5            We're here today for final pretrial.  Our trial is

6    scheduled for this Friday.  We have jury selection scheduled

7    to begin on that date and time.

8            Counsel for the government, are you ready to proceed?

9            MR. KOLANSKY:  Yes, Your Honor.

10           MR. WARNER:  Yes, Your Honor.  Carlos Warner,

11   assistant federal defender, here for Mr. Moore.

12           THE COURT:  Counsel for the government, provide

13   the Court with a status, an update of the matter, please.

14           MR. KOLANSKY:  Your Honor, since the last time we

15   were here, the government has filed a joint notice of

16   additional discovery that was turned over to defense counsel

17   along with a joint request for continuance.

18           Outlined within that motion filed by the government

19   was that shortly before the last time we are here, albeit,

20   quite frankly, I did not know that, shortly before we were

21   here, I received additional discovery material from my case

22   agent that then had to be turned other to offense counsel.

23           As I explained the last time, my case agent had been

24   injured in the line of duty and was out for approximately

25   two weeks of work which delayed the process of gathering the

DEFENDANT'S EXHIBIT A-1



1   discovery and getting it to me.

2       As soon as I received it, I have turned it over to

3   defend counsel along with, as we discussed at the last

4   hearing, some directions where I believe the pertinent and

5   relevant evidence is to hopefully streamline the discovery

6   review process for defense counsel.

7       However, since last we were here, the government has

8   turned over additional evidence in this case, Your Honor.

9           THE COURT:  And what was the additional evidence?

10          MR. KOLANSKY:  Your Honor, there were a couple of

11  different pieces that were turned over.

12      First, there were a couple of reports, including

13  reports of investigation done by that special agent -- or

14  that task force officer ^ ' cop chalk, totaling 56 pages of

15  discovery materials that included his opening of the case,

16  certified copies of the defendant's convictions, the

17  property that was -- that he took from Cleveland police's

18  custody and put into ATF's custody, and fingerprint

19  comparisons, things of that nature, Your Honor.

20      In addition, there were three cell phone downloads

21  that were turned over.  Two of those downloads essentially

22  there was a report generated but there was no data extracted

23  from those cell phones, so each of those is two pages total.

24  Four pages for the two of them.

25      The third download, however, was 1,856 pages in PDF

DEFENDANT'S EXHIBIT A-2

1   format.

2       As I stated a moment ago, Your Honor, I did direct

3   defense counsel where I found what I believed to be

4   incriminating evidence based on my review of that cell phone

5   download in an effort, again, to streamline the process of

6   defend counsel's review.

7       THE COURT: When did you do this? When was did

8   you provide this material?

9       MR. KOLANSKY: That material was provided on

10   March 3 of this year, Your Honor. It was last Tuesday.

11       THE COURT: All right. Thank you.

12       Counsel for the defendant?

13       And just so it's clear for the record, I've previously

14   already overruled the motion for a continuance. I don't

15   want to debate it. I'm not going to revisit it. I have

16   issued an order, did it on Friday.

17       So when did you last provide -- when did you provide

18   the defendant with the proposed plea agreement?

19       MR. KOLANSKY: That, Your Honor, was prior to our

20   last -- the Court's indulgence one second. I have it in an

21   e-mail.

22       Your Honor, I believe it was on Tuesday, February 25.

23       THE COURT: Tuesday, February 25?

24       MR. KOLANSKY: Yes, Your Honor.

25       THE COURT: All right. Thank you.

1    Counsel for the defendant, regarding the status, the

2    update of the matter, please.

3    MR. WARNER:  Good afternoon, Your Honor.  May it

4    please the Court.

5    As the Court may be aware, we just filed, within, I

6    don't know, less than an hour ago, a motion to reconsider

7    the denial of the continuance and in the alternative to

8    exclude the evidence in total, given the fact that it was

9    turned over so late and I've had no opportunity to review

10   it.

11   Certainly Mr. Moore hasn't had an opportunity to get

12   the material yet.  And even if I did have an opportunity, on

13   these kinds OF things we take a lot of time and we check the

14   government's forensics.  We take a look at the phones.

15   There is many things that have to happen with this new

16   disclosure, let alone the fact that we still have the 12

17   hours of videotapes, everything else that was mentioned in

18   the last hearing.

19   So that's laid out in the motion.

20   THE COURT:  You have not gone over all the

21   videotapes with your client since we last met?

22   MR. WARNER:  Oh, no.  Not yet, Your Honor.

23   THE COURT:  So how many times have you been out

24   to see him and to go over the materials that we discussed at

25   the last hearing?

 1          MR. WARNER:  Well, we sat together here, and then

 2   I spent a good two to three hours with him, what, last

 3   Wednesday?  And we spoke about things -- that was, I think,

 4   immediately -- I hadn't seen yet but I had known that these

 5   records were disclosed.

 6          We talked about -- well, we had a good meeting on that

 7   date.

 8          So since the 27th, I've had one long meeting with him

 9   along with another meeting here.  And --

10          THE COURT:  The nub of the issue is, just to get

11   the point, the nub of the issue is the cell phone records?

12   Is that what you're concerned about.

13          MR. WARNER:  Well, no.  It's really the entirety

14   of the case.  I mean, there has been a plea agreement set

15   forth.  I'm happy to speak with him, but we can't talk

16   cogently about a plea agreement or any other resolution

17   until we've analyzed all of the discovery.

18          We don't know -- frankly, there is a warrant on this

19   case.  We don't know if there is a motion to suppress yet.

20   We haven't -- we're still trying to gather exactly what

21   happened.

22          THE COURT:  You didn't look at the warrant in

23   this case?  This case was arraigned back in January 17.  You

24   mean you didn't look at the warrant to determine whether or

25   not there was an issue there?

1          MR. WARNER:  Well, I received the warrant, Your

2   Honor, on February 24th.

3          THE COURT:  All right.

4          MR. WARNER:  So I did look at the warrant.  But,

5   once again, whether or not there is a motion to suppress has

6   nothing to do with just the warrant.  It has, Your Honor, to

7   do with the rest of the discovery, the search, whether or

8   not what kind of warrant is it?  It could be a Franks

9   motion, in which case we will have to go out and do some

10  investigation, which we've done zero on this case, in order

11  to try to find out whether or not one of the officers may

12  not have been truthful in the warrant.  It can go 16

13  different ways.

14       This is, frankly, Your Honor, not only a ten-year

15  mandatory minimum, but given the amount of documents, likely

16  a complex case.

17          THE COURT:  Counsel, I'm sorry.  With all due

18  respect, it's not a complex case at all.  The last time you

19  were here -- now I'm hearing two different stories.  The

20  last time you were here, it's, "Judge, I didn't have time to

21  go out and see my client and go over the discovery, to do

22  things I needed to do because I was involved in another case

23  before Judge Polster."

24       And that case involved a life, potential life

25  sentence, if I'm not recalling.

1    In the meantime, as I recall it, Mr. Moore had been

2    waiting because of your deep involvement in this other case

3    where, by the way, there were two other federal defender's

4    assigned to it.

5    Yes, I did look at the docket.  And as a matter of

6    fact, yes, I looked at the docket again.  And yes, I saw on

7    the 28th of this past month, February, that your office was

8    in fact removed from that case.

9    MR. WARNER:  Correct.

10   THE COURT:  So you now had days, and you tell me

11   now that you've been out to see this client one time.  And

12   the video, I know we discussed at the last conference that

13   we had.

14   So I'm sorry.  With all due respect, no.  There has

15   been no good grounds shown for a continuance in the matter.

16   And if you want me to take up whether or not I should

17   exclude part of the government's evidence here, potentially

18   the cell phones -- the other information, counsel, with all

19   due respect, his prior record, all those are things that you

20   can find quite quickly and easily.

21   Pretrial does a report.  So there much ado about

22   nothing.

23   So go ahead, finish your thoughts.

24   MR. WARNER:  Your Honor, let me just put this on

25   the record.

DEFENDANT'S EXHIBIT A-7

1    First of all, we have the transcript from the 27th,

2    and that's not what I said.  What I said, Your Honor, is

3    that I want to take some responsibility because I've been

4    engaged in another matter.

5    The Court hung onto that, but the reason why we asked

6    for the continuance on the 27th, according to the

7    transcript, is because of the timing of the discovery.  Not

8    because of my involvement in any other matter.

9    I did apologize to Mr. Moore because during that

10   period we met two -- I think two or three times, and that is

11   not my norm.  I try to see my clients almost every week,

12   every other week at worst.

13   That trial did resolve on the 28th.  Last week was my

14   first free week open.  And I spent three hours with this

15   client going over discovery.  And not to mention all my

16   other things.

17   But he was my absolute first priority, and we sat and

18   talked until we had nothing else to talk about at that time.

19   I told him the strategy going forward.

20   So the idea that I'm asking for a continuance because

21   of the Smith matter is a red herring, Your Honor.  It has

22   nothing -- we're asking for a continuance because the

23   discovery was turned over late, because of the agent's

24   injury in the line of duty.

25   I'm not blaming Mr. Kolansky.  I believe that he's

1    been very professional.  He has turned everything over in a

2    timely matter.  I've been communicating with him.  But

3    sometimes this happens in cases, and this is a case where I

4    may need, again, a forensic expert now with the telephone

5    records.  We may end up resolving the case in some other

6    manner.  We may do a motion to suppress.  But I can't do any

7    of that analysis until I analyze all of the evidence.  And

8    that will take some time.

9        We, frankly, were very judicious and asked for only 30

10   days in our motion because worst comes to worst, if I have

11   to triage this case number one, and I only work on this for

12   30 days and we go to trial, that is fine, Your Honor.

13       But if we go to trial on Friday, I will be

14   ineffective.

15       And I've called the Ohio Bar the Akron Bar, I've

16   called Washington D.C.  And I've asked them what should we

17   do under these circumstances?  And they are unanimous.  They

18   are unanimous about how I should behave.

19       First of all, listen to the tribunal.  If you make me

20   go to trial, you make Mr. Moore go to trial on Friday, we

21   will go to trial.  And we will follow the orders as closely

22   as we can in the most timely fashion.  I've worked on this

23   the entire weekend.

24       I will be ineffective.  I will have to make a record

25   of that, and we will go from there.

1    THE COURT:  You can make your record.  I've

2    looked at this -- and counsel for the government, you can

3    file the discovery for the record in the case so that I can

4    review it, make sure I know exactly how much discovery there

5    is.

6         MR. KOLANSKY:  Sure.

7         THE COURT:  So that I can determine whether or

8    not counsel here has been diligent in going over the

9    discovery, preparing for trial in this case.

10        As I've already stated, these dates are not picked out

11   of the air.  This date was picked by agreement of counsel by

12   the parties.  I always ask.  "Is this date agreeable."

13        We met.  We discussed the matter.  I granted a

14   continuance.  I was told at that time 20 documents.  Correct

15   me if I'm wrong.  12 hours of video.  Not all the video is

16   going to be presented at trial.  It's related to a search.

17   So we have a search.

18        So there has been adequate time, in my opinion.

19        So counsel can come here all the time and say, "Oh, I

20   don't have time.  I don't have time.  I'm not prepared.  I'm

21   not prepared."

22        There has been more than adequate time.  What you do

23   with counsel who is not either diligent or offers, again,

24   simply says "I'm not prepared" or "I'm not going to be

25   prepared."

1       We have until Friday, bear minimum Friday to prepare
2   ourselves for trial in this matter.
3       Whether or not I exclude the evidence the government
4   wishes to often.  That's another option I can do.
5       If it's the cell phone records that are at issue, they
6   can certainly be excluded.
7       The others, the other documents, don't sound like
8   it's -- it's much ado about nothing.
9       Fingerprints, prior criminal record or certified
10  copies thereof, other information of that sort is not the
11  kind of things that counsel cannot look at and review with
12  his client.
13      So, anything else either side wishes to address with
14  the Court?
15      I'll look at the discovery before I make a final
16  decision.  We can determine how extensive it is.
17      Make sure you give me exactly what you have so I can
18  go over it, determine whether or not counsel has been
19  diligent in going through this information with his client.
20      And I'll go back and look at the transcript.  My
21  recollection is that much of this was about, "Oh, I'm so bus
22  which this other case that I haven't had the time."
23      Two to three times to see this client from what,
24  January 17 until we met February -- late February for final
25  pretrial?

1    MR. WARNER:  Yes, Your Honor.

2         THE COURT:  Okay.  So whether or not that's

3    reasonable, I leave that to others to decide.

4         Anything else on behalf of the government?

5         MR. KOLANSKY:  No, Your Honor.  Thank you.

6         THE COURT:  On behalf of the defendant?

7         MR. WARNER:  Yes, Your Honor.

8         First of all, to be clear for the record, counsel has

9    had the discovery in his possession, will have it in his

10   possession for a total of -- it will be a three weeks total

11   that I will have had time to go through all of this between

12   the 24th -- not even three weeks.  Excuse me.  It's two

13   weeks and five days -- to go through all of the discovery,

14   to communicate with Mr. Moore, to form a defense, to hire

15   experts to do what we do on a trial where the man is facing

16   decades or longer in prison.

17        So, again, I'm asking the Court -- I've been before

18   this Court for 15 years now.  I'm asking this Court for a

19   reasonable continuance so I can do my job and we can resolve

20   this case.

21        THE COURT:  I've granted one continuance in this

22   matter already.  I've listened to the parties about the

23   extent of the discovery.

24        So this is the first time I've now heard about

25   experts, suppression motions, things of that nature.  Now

1    for the first time today, I've heard that argument in

2    support of another, another continuance in the matter.

3        We are extremely busy.  I have a 17-defendant case.

4    I'm taking pleas next week.

5        I expect counsel to be diligent.  I expect counsel to

6    be prepared.  That's all we ask.  I've given you one

7    continuance.  I'm not giving you another.

8        If you want to make your record on Friday about your

9    inability to be prepared, then I'll look at the discovery in

10    this case to see exactly what it is.  You can make your

11    record about how many times you've seen this client, how

12    much time you've spent with him, how much time you've

13    devoted to his defense in the matter.

14        That's your responsibility.  Not mine.  So, we're not

15    going to drag this case out for another 30 days.  I'm sorry,

16    because you haven't done your job.  That's the way I read it

17    or see it, or at least as you should have done it.  Then

18    that doesn't mean we automatically continue matters for 30

19    days.

20        The government is delayed.  I accept their

21    responsibility.  If I need to exclude the cell phone record,

22    I'll do that.  If I think that's warranted once I review the

23    discovery.

24        So that's how we're going to proceed in the matter.

25        The record will speak for itself as to what we

1    discussed at the last conference here and about what was

2    raised at that time and now what I'm hearing now today that

3    may very well be a new argument to try to push this case

4    out.

5        So anything else you want to say?

6                MR. WARNER:  Yes, Your Honor.

7                THE COURT:  Because I have another sentencing

8    here soon.

9                MR. WARNER:  It's with me, Your Honor.  Thank

10   you.

11       What I will tell you --

12               THE COURT:  We have the marshals waiting.

13               MR. WARNER:  A couple things, Your Honor, that I

14   need to make clear for the record.

15       Your continuance was for four days.  That's the

16   continuance you granted us, a four-day continuance, after

17   knowing that we -- well, I guess you didn't know at the

18   time.  But you were put on notice -- the Court was put on

19   notice that there are thousands of cell phone pages that

20   have to be reviewed.

21       Sure, the government may relay on parts that they

22   believe are incriminating.  There could be any number of

23   text messages throughout those 2,000 pages that may be

24   exculpatory.

25               THE COURT:  You've asked me to exclude them.

1    That's what your motion is.  So if I exclude them, you don't

2    have to worry about them, right?

3              MR. WARNER:  Well, that doesn't change the fact

4    that we still haven't been able to even do a rudimentary

5    investigation because it was turned over on the 24th.

6         And the Court has framed -- and the transcript is

7    attached to the motion that we filed -- has framed this

8    about me being involved in another case.

9         What simply happened, Your Honor, is Mr. Kolansky got

10   up, explained about the discovery, and because I was being

11   professional and he was being professional, I said "I don't

12   want to lay all the blame and Mr. Kolansky.  I've been busy

13   too."

14        But the reason for the continuance has always been the

15   same.  It's because of the discovery being turned over late,

16   which was at no fault of the prosecutors, because the

17   officer was injured in the line of duty.

18        So it was turned over on the 24th.  You're asking me

19   to try a case where he could have a possible 15-year

20   mandatory minimum, possibly, at least ten, within -- and do

21   that two weeks and four days after getting the initial

22   discovery in my possession.

23        And during that time, the month or month and a half

24   between our an arraignment and when we came here, I saw Mr.

25   Moore several times.  And I told him exactly what was

1    happening.  We didn't have the discovery.  He didn't have

2    it.

3         I don't know what the Court expects me to accomplish

4    in those meetings when I have no information from the

5    government except for the indictment.

6         So I have the transcript.  We can go through it.  But

7    this is clearcut.  The discovery was late.  The Court's

8    asking me to go to trial in two -- in less than three weeks.

9    Given all of this and the mandatory minimums, it's

10   impossible.  It's ineffective.

11        The rules say that I -- the ethical rules say if the

12   tribunal orders it, I have to do it.  And that's cited in

13   here.

14        But that's in conflict with other ethical rules that

15   say that I cannot proceed if I am either unprepared or will

16   be ineffective.

17        But I've conversed with him --

18             THE COURT:  What do the rules say --

19             MR. WARNER:  Excuse me?

20             THE COURT:  Let me ask.  What do the rules say

21   about counsel who doesn't diligently attempt to try and

22   adequately prepare for trial in a timely fashion?  Because

23   today is the first day I hear about this new discovery.  So

24   what do the rules say about adequately going forward,

25   preparing, taking the 20 documents that you had that we

1    discussed at the last time, taking the videos that we have

2    that was at issue the last time we met, and going over all

3    of those materials with your client between then, the 27th,

4    today the 9th, and going through all those documents and

5    saying, "Now, I will review with my client the proposed plea

6    agreement and we'll be prepared to address this matter on

7    the 9th as the judge previously indicated we would do"?

8         So why -- so what happens when the attorney just

9    simply says, "Well, can't get it done."

10              MR. WARNER:  That's not what your attorney is

11   saying.  Your attorney is saying that in between the two

12   conferences, I had a long meeting with Mr. Moore, as long as

13   I could.  We didn't even have the phone records.  I haven't

14   even been able to get them to him yet because they're so

15   voluminous.  They have to be on a disk which is its own

16   process.

17        I have been more than diligent on this case.  And it

18   is unfortunate that the Court would make this statement,

19   given what has occurred here.

20        I have done all that I can between the 24th and today,

21   including working all weekend, trying to catch up, knowing

22   that we might have a trial.

23        Because frankly, Your Honor, I view it as a free bite

24   at the apple because I'm going to be ineffective.  Who knows

25   what the jury is going to do.

1    But that's going to be clear for the record.

2    So I'm just asking the Court to reconsider and think

3    about -- I'm not asking for a long continuance.  I'm asking

4    for a short -- we asked for 30 days.

5         THE COURT:  30 days is not a short continuance,

6    counsel.  It may be in your world.  It's not in mine.  It's

7    nowhere close to a reasonable continuance in the face of our

8    dockets here, in the face of what I've seen in this case.

9    So we're not going to go back and forth.

10        MR. WARNER:  Okay.

11        THE COURT:  You can lay on the record all you

12    want.  The case ask what it is.

13   I will see the discovery.  You can file it with the

14   Court promptly.  We will look at it.  And then we can make

15   our own independent evaluation of how diligent counsel has

16   been about the discovery in the case.

17        And then we'll decide whether there is going to be any

18   continuance, if at all.

19        If there is, it will certainly not be close to 30

20   days.  Just so it's clear.

21        And so -- again, I don't want to hear about, "Oh,

22   Judge, we need a continuance, but I've got a conflict here,

23   a conflict there."  We all have conflicts.

24        MR. WARNER:  Your Honor.

25        THE COURT:  That's why it's important to make

1 | sure that we get these matters addressed timely.

2 | MR. WARNER: May I?

3 | THE COURT: And it may require a little hardship.

4 | Is it may require taking a little additional time to get

5 | those matters addressed.

6 | MR. WARNER: Your Honor.

7 | THE COURT: Quickly.

8 | MR. WARNER: Quickly. Timeliness should not take

9 | the place of effective representation, first of all.

10 | Second of all, once again, we will -- if the Court

11 | denies this motion, which it sounds like it is, then I just

12 | have to tell you, we have prepared -- and we should schedule

13 | another hearing -- a motion to withdraw.

14 | And the motion to withdraw, again, this is from

15 | instructions of, after speaking with ethical counsel.

16 | That is ready to be filed. It will be filed today,

17 | assuming that this motion is denied.

18 | THE COURT: Counsel, you file what you would

19 | like. You've just file something at 2:00 this afternoon

20 | that I haven't had time to review, some motion for

21 | reconsideration.

22 | I denied your motion promptly on Friday. Told you

23 | exactly what we were going to do in this case. So file what

24 | you would like. I'll deal with it in due course.

25 | In the meantime, I've already told you how we're going

1    to proceed of.

2         Anything else on behalf of the government?

3              MR. KOLANSKY:  Thank you, Your Honor.  No.

4              THE COURT:  On behalf of the defendant?

5              MR. WARNER:  No, Your Honor.

6              THE COURT:  Thank you.

7         Get the discovery filed forthwith so that I can look

8    at it.

9              MR. WARNER:  Oh.  I'm sorry, Your Honor, there is

10   one thing, one thing I have to put on record regarding the

11   discovery.  And I apologize.

12        If I may.

13             THE COURT:  Quickly.

14             MR. WARNER:  I'm going to object and lodge an

15   objection, and I'm going to ask to hold off before the

16   discovery is turned over to the Court.

17        I'm not sure that the Court should be privy to that

18   kind of information prior to the trial.  I think that that

19   causes its own problem.

20        I think volume, that sort of thing is fine, but

21   reading or getting a copy of the discovery at this stage,

22   I'm not sure that that is appropriate for the Court.  I

23   don't have want to say that 100 percent.

24             THE COURT:  What's your authority for that,

25   counsel?

DEFENDANT'S EXHIBIT A-20

1          MR. WARNER:  Well, my authority is a couple

2     things.

3          First of all, when we do any sort of pre-plea PSR

4     there has been to be a waiver for you to review that sort of

5     thing.

6          I don't think --

7          THE COURT:  A waiver for me to review the

8     pre-plea PSR?

9          MR. WARNER:  From the client.

10          THE COURT:  When did that happen?

11          MR. WARNER:  Well, that happens in every other

12     Court that I know of here.  Before the client will engage in

13     a pre-plea PSR, he has to agree that the Court will review

14     said pre-plea PSR prior to sentencing.

15          THE COURT:  Are you aware of anything like this,

16     counsel for the government?

17          MR. KOLANSKY:  I can't say that I am, however,

18     however it's not an issue --

19          THE COURT:  I have never heard it.  Ever.

20          MR. WARNER:  Well, I'm telling you every other

21     Court -- we can ask Mr. Corts if he is aware.  I'm telling

22     you that I do pre-pleas in almost every other place and the

23     client has to waive.

24          Now, I'm not telling the Court right now 100 percent

25     that I am correct.  It's just my strong intuition that that

1   would be inappropriate for the Court to review the discovery

2   prior to trial.

3        But if -- so I just ask for a pause.  I can research

4   this issue.  If there is no issue, I'll file a notice on it.

5   I'll say no objection.

6        But something strikes me as that being -- that's

7   incorrect.  The Court should not be involved in the facts of

8   the case until they are presented to it in whatever format.

9        So we do a motion to suppress.  I don't think the

10  Court should be prejudiced by reviewing all of the discovery

11  on the case.

12            THE COURT:  Counsel, with all due respect -- I'm

13  sorry.  If you have some authority, you can point me to it.

14       The Court reviews evidence in advance of trial on a

15  regular basis when we discuss issues like who is going to

16  testify, the witnesses there might be, etcetera, etcetera.

17       So I don't see it to be an issue.  But if you want to

18  raise another issue, try to create some other issue to delay

19  the proceedings, you may.  But do it promptly.  Because I'm

20  instructing the government to get it filed so that I can

21  deal with this matter timely and promptly.

22       So you want to go back to your office and take a quick

23  look or inquire of others, do that as promptly as you can.

24            MR. WARNER:  I ask for one day, if it pleases the

25  Court, to research that issue.

1          THE COURT:  Thank you.  Quickly.  Thank you very

2   much.

3          MR. WARNER:  Okay.

4

5       (Adjourned, 3:00 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S EXHIBIT A-23