THE UNITED STATES DISTRICT COURT
NORTER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR04 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAFAEL MOORE, | ) | |
| | ) | (Resolves Docs. 28, 32) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Rafael Moore's motion to suppress (Doc. 28) and amended motion to suppress (Doc. 32).[1] The Government has opposed the amended motion to suppress (Doc. 40). The motions are DENIED.

In his motions, Moore challenges the search of his residence located at 10318 Dove Avenue, Cleveland, Ohio. Moore contends that the 1,731 grams of cocaine, 97 grams of cocaine base ("crack"), two firearms, ammunition, cash, and other drug manufacturing and packaging tools should be suppressed because law enforcement lacked probable cause to search the residence. More specifically, Moore contends that affidavit failed to establish the reliability of the confidential informant undermining any finding of probable cause. Moore further asserts that the warrant's information was stale because it was not timely executed. The Court finds no merit in either contention.

---

[1] Moore was appointed new counsel on March 12, 2020. At that time, the Court permitted new counsel to amend the existing motion and make any additional arguments. The Court, therefore, will consider all arguments set forth in both motions.

1. Reliability of the informant

"A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Smith*, 510 F.3d 641, 652 (6th Cir. 2007)(quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The probable cause standard is a 'practical, non-technical conception' that deals with the 'factual and practical considerations of everyday life.'" *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)(quoting *Gates*, 462 U.S. at 231). In turn, when a warrant is supported by an affidavit, "[c]ourts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). Therefore, "review of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id*. Thus, "[t]o justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)(quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)).

The Sixth Circuit has previously explained that "in the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration." *Frazier*, 423 F.3d at 532. "[T]his independent police corroboration may be established by a police-monitored controlled buy[.]" *United States v. Hawkins*, 278 Fed.Appx. 629, 635 (6th Cir. 2008). Indeed, law enforcement officers frequently employ controlled purchases of illegal narcotics in order to establish probable cause in circumstances where they cannot personally vouch for the reliability and credibility of a particular confidential informant. *See, e.g., United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (concluding that

2

"corroboration of events that occurred during the controlled buy, as set forth in the affidavit, provide sufficient probable cause to sustain issuance of the search warrant"); *United States v. Coffee*, 434 F.3d 887, 894 (6th Cir.2006) (affirming the district court's conclusion that even though there were no statements in the affidavit about the reliability of the CI, "[the officer's] statements that he set up the controlled buy and took necessary precautions before and after the orchestrated purchase adequately corroborated the CI's information and, thus, provided sufficient probable cause for the issuance of the search warrant"); *United States v. Pinson*, 321 F.3d 558, 563 (6th Cir. 2003) (noting that "the affidavit in th[e] case contained [the officer's] personal observation, his pat down of the informant before and after the purchase of the narcotics, and the fact that the drugs purchased by the confidential informant were later tested positive for cocaine base").

The affidavit herein also described a single controlled buy. The affidavit detailed the controlled buy as follows:

8. Affiant avers that in early December 2019 he met the CI at a predetermined location. CI contacted "Pig," Rafael and set up a meeting to purchase cocaine. "Pig," Rafael told CI to meet him at his home. Affiant avers that the CI used terminology that, in Affiant's training and experience, is consistent with an arrangement to exchange illegal narcotics for money.

9. Affiant avers that CI and CI's auto was searched and found to be free of drugs, monies, and contraband. CI was provided a sum of prerecorded buy money. The CI drove to 10318 Dove Avenue, where CI was meet (sic) by "Pig," Rafael Moore at the front door. "Pig," Rafael Moore let CI in 10318 Dove Ave. A short time later CI exited the front door and returned to CI's auto. Constant surveillance was kept on CI the entire time by Detective Tolley #225 and Affiant. Affiant met with CI at a predetermined location.

10. Affiant avers that CI handed cocaine that CI stated was purchased from "Pig," Rafael Moore. CI was searched again and found to be free of drugs, monies, and contraband. Based on affiant's training and experience, the suspected cocaine was consistent in texture and color with cocaine. The suspected cocaine was sent to the Cuyahoga County Regional Forensic Science Laboratory. Drug test results pending.

Doc. 40-1 at 6-7. In a case that similarly included only a single controlled buy, the Sixth Circuit held:

> Admittedly, in the instant case, the affidavit only details one controlled purchase and fails to mention whether law enforcement officials monitored the purchase with a listening device. That notwithstanding, and in reliance on [prior precedent], under the totality of the circumstances in this case, the single controlled purchase was sufficient independent corroboration of the confidential informant. Thus, the warrant was supported by probable cause.

*United States v. Henry,* 299 Fed. Appx. 484, 487–88 (6th Cir. 2008). Accordingly, this Court similarly concludes that the controlled buy was sufficient independent corroboration of the confidential informant. The warrant, therefore, was supported by probable cause.

2. Stale information/untimely execution

In his final argument, Moore asserts that the warrant was not timely executed. Specifically, Moore contends that the warrant was issued on December 13, 2019 with instructions that it was to be executed within three days of issuance. Moore contends that the warrant was not executed until December 18, 2019. In so doing, Moore ignores that the warrant was issued from the Cuyahoga County Court of Common Pleas and therefore governed by Ohio's Rules of Criminal Procedure. Those rules provide:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

Ohio Crim. R. 45(A). December 13, 2019 was the date the warrant was issued, so it is not counted in any computation. December 14, 2019 and December 15, 2019 were a Saturday and a

4

Sunday, so they are similarly excluded from computation. Thus, execution of the warrant on December 18, 2019 was in full compliance with the three-day requirement contained in the warrant.

While Moore's motion also suggests that the evidence relied upon was stale, he has offered no argument in support of that contention. The affidavit does not detail the specific date of the controlled buy, but instead it states the buy took place in early December of 2019. As the warrant was issued on December 13, 2019, the *oldest* the information could be at the time the warrant was issued was 12 days. In that regard, the Sixth Circuit has found that information that is three to six weeks old is not stale. *See United States v. Young*, 847 F.3d 328, 347-48 (6th Cir. 2017). (three to six-week-old information not stale in an alleged drug trafficking conspiracy). As the information from the informant corroborated his or her assertions that drug trafficking was ongoing from Moore's residence, this Court similarly concludes that the less-than-two-week-old evidence was not stale.

Based upon the above, the Court finds no merit in the arguments put forth by Moore. Moore's motion to suppress and amended motion to suppress are DENIED.

IT IS SO ORDERED.


May 13, 2020              */s/ Judge John R. Adams*
                          JUDGE JOHN R. ADAMS
                          UNITED STATES DISTRICT COURT