UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL MOORE, | ) | CASE NO. 1:21-CV-02027 |
| | ) | 1:20-CR-00004 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |

This matter comes before the Court upon Petitioner Rafael Moore's petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 1, Doc. 73. For the reasons set forth below, Moore's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 2, 2020, Moore was indicted on the following counts: 1) Conspiracy to Possess with Intent to Distribute Controlled Substances, 21 U.S.C. § 846; 2) Possession with Intent to Distribute Cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); 3) Possession with Intent to Distribute Cocaine Base ("Crack"), 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); 4) Felon in Possession of Firearms and Ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); 5) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i). Doc. 7.

Moore moved to suppress evidence, asserting law enforcement lacked probable cause to search the residence. He subsequently filed an amended motion to suppress. Docs. 28, 32. The Court denied the motions. Doc. 42. On June 3, 2020, pursuant to a plea agreement, Moore pled

guilty to Counts Two through Five of the indictment. Count One was dismissed. Doc. 46. Moore reserved the right to appeal the suppression ruling. On September 15, 2020, the Court sentenced Moore to 126 months of imprisonment, followed by five years of supervised release. Moore appealed the suppression ruling to the Sixth Circuit Court of Appeals, but the ruling was affirmed. Doc. 72.

Moore now makes this pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

**II. LAW AND ANALYSIS**

Under 28 U.S.C. § 2255, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To prevail on a §2255 motion, the petitioner must allege that: 1) his conviction resulted from an error of constitutional magnitude; 2) his sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). The petitioner must sustain the allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

In his four grounds for relief, Moore argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel. The standard for ineffective assistance of counsel is a two-part test set forth by the U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).

First, Moore must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed…by the Sixth Amendment." *Id.* Second, Moore must show a reasonable probability that but for the error, the results of his proceedings would have been different. *Id.* When a defendant makes an insufficient showing on one component of the two-part inquiry, reviewing courts are not required to "address both components of the inquiry." *Id.* at 697.

In Ground One, Moore contends that his counsel erred by not raising "the factors and issues of the specific date for the controlled substance buy and the amount of money the informant spent on cocaine." Doc. 73, p. 4. Moore's counsel, in fact, raised these issues in the amended motion to suppress: "The affidavit does not specify a date or details of the event. The affiant does not indicate whether the alleged buy was digitally recorded. The affiant claims that the buy was surveilled by an officer, but states that the confidential informant entered the home. There is no detail as to the purchase, events, or description from inside or outside of the home. There is no detail as to money spent or what was purchased." Doc. 32, p. 6. The Court found this argument to be without merit, and the Sixth Circuit Court of Appeals agreed. Accordingly, Moore cannot establish that his counsel's performance was insufficient.

In Ground Two, Moore contends that his counsel inaccurately informed him that he could be found guilty of possessing a gun "in furtherance" of a drug trafficking crime regardless of the fact that "none of the items the items [were] found together nor on my persons on at the time the warrant was served." Doc. 73, p. 6. Moore argues that the government could only establish that he stored the gun, which would not satisfy the statute. *Id*. Moore cannot establish that his counsel's advice was legally incorrect.

3

Relevant factors to consider whether the possession of a gun was "in furtherance of a crime" include whether the gun was "strategically located so that it [was] quickly and easily available for use," whether it "was loaded," "the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). The evidence in this case establishes that police found 97.23 grams of cocaine base. nearly two kilograms of cocaine, and numerous materials used to facilitate large-scale drug trafficking throughout Moore's home. Doc. 40-1, p. 9-11. Further, police located two loaded guns in Moore's bedroom, along with $1,267 in cash and several boxes of ammunition. Id. Thus, evidence existed to establish that Moore possessed the gun in furtherance of drug trafficking. As such, Moore's counsel was not ineffective.

In Ground Three, Moore appears contends that that his counsel erred by not moving to suppress the evidence on the basis of an alleged discrepancy between the description of the substance recovered during the controlled buy by the police officer ("crack cocaine") and the results from the lab ("powder cocaine"). Moore does not fully develop this argument, nor explain how this alleged error resulted in prejudice. Accordingly, Moore has not established that his counsel was ineffective.

In Ground Four, Moore contends that his counsel was ineffective for failing to raise issues of alleged false statements regarding the color of his house and the surveillance conducted of the controlled buy, which resulted in the issuance of a search warrant. Doc. 73, p. 8. He explains that he felt rushed by the Court and his counsel and did not have adequate time to review and understand all the evidence. Doc. 73, p. 9. To the extent Moore takes issue with the search warrant, his counsel twice moved to suppress. As noted above, the Court denied these motions, and the Sixth Circuit affirmed. Further, Moore does not fully develop this argument, nor explain how this

4

alleged error resulted in prejudice. Accordingly, Moore has not established that his counsel was ineffective.

Because Moore's claims that his Sixth Amendment rights were violated are without merit as explained above, it cannot be said that his conviction resulted from an error of constitutional magnitude pursuant to 28 U.S.C. § 2255.

### IV. CONCLUSION

For the reasons stated above, Moore's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.

Date:  4/25/22              /s/ John R. Adams
                            **JUDGE JOHN R. ADAMS**
                            **UNITED STATES DISTRICT COURT**